FILED'07 FEB 08 10:31USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SHAWN N. BISBY,                )
                               )   Civ. No. 05-1896-PA
          Plaintiff,           )
                               )   **ORDER**
     v.                        )
                               )
MAX WILLIAMS, et al.           )
                               )
          Defendants.          )

**PANNER, J.**

Pro se plaintiff Shawn N. Bisby brings this civil rights action against the Director of the Oregon Department of Corrections and other state prison officials, alleging that he did not receive adequate medical treatment for hepatitis C. Defendants move to dismiss for failure to exhaust administrative remedies. I grant the motion.

**STANDARDS**

Failure to exhaust administrative remedies is an affirmative defense that the defendant must raise and prove. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The defendant should raise the exhaustion issue through an unenumerated Rule

1 - ORDER

12(b) motion, rather than a motion for summary judgment. Id. (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In resolving a motion to dismiss for failure to exhaust, the court may look beyond the pleadings and resolve disputed issues of fact. Id. at 1120. If the court concludes that the plaintiff failed to exhaust administrative remedies, the court should dismiss the unexhausted claim without prejudice. Id.

## DISCUSSION

The Prison Litigation Reform Act requires that prisoners complete the prison's administrative process before bringing a civil action challenging prison conditions. See 42 U.S.C. § 1997e(a). Prisoners are required to exhaust administrative remedies regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 739 n.5).

Defendants bear the burden of showing that "pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of relief

2 - ORDER

already granted as a result of that process." Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005).

Here, I accept defendants' concise statement of fact as true. The concise statement is properly supported by an affidavit and exhibits, and plaintiff has not disputed it.[1]

Plaintiff filed one grievance regarding medical treatment for hepatitis C, dated October 7, 2005. See Bales Aff., Attach. 6, at 2. In the grievance, plaintiff demanded a liver biopsy, diagnosis, and treatment. The grievance was returned to plaintiff as incomplete, with instructions, because plaintiff failed to show that he had attempted to resolve the dispute at the lowest level. Although prison regulations required that plaintiff resubmit his grievance after attempting to resolve the dispute, plaintiff did not resubmit his grievance. Defendants have shown that plaintiff failed to exhaust his administrative remedies.

/ / /

/ / /

/ / /

---

[1] Plaintiff has not responded to defendants' motion. He apparently absconded from post-prison supervision several months ago. See Bisby v. Oregon Dep't of Corrections, Civ. No. 05-1914-PA, Mem. in Supp. of Mot. to Dismiss, Attach. 1 (docket no. 28).

3 - ORDER

**CONCLUSION**

Defendants' motion to dismiss (#19) is granted and this action is dismissed without prejudice. Any pending motions are denied as moot.

DATED this __7__ day of February, 2007.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER